UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                                    CRIMINAL ACTION NO. 1:23-CR-00056-GNS

DAVID MANION                                                                DEFENDANT

**SENTENCING MEMORANDUM**
*(FILED ELECTRONICALLY)*

Pursuant to the plea agreement (DN 13), the United States requests that the court sentence David Manion to 37 months in prison, followed by 3 years of supervised release, with restitution of $3.5 million.

I.  **David Manion is a Repeat Offender**

The court is familiar with David Manion.  In August 2016 he pleaded guilty to crop insurance fraud and agreed to a five-year debarment from the crop insurance program administered by the Risk Management Agency (RMA).  In December 2016 he was sentenced to 1 day of imprisonment, followed by two years of supervised release, despite an advisory Guideline range of 33-37 months of incarceration.[1]

Now we know that beginning in February 2016, while he was negotiating the settlement of his 2016 charges and later expressing his remorse to the court, David Manion was devising a new scheme to continue to defraud the RMA crop insurance program.  Debarred himself,

---

1  US v. David Manion, 1:16-CR-00015-GNS (PSR, DN 31, ¶ 61).

1

Manion instead had his children and their spouses apply for crop insurance in their names for tobacco that still belonged to him. This fraud resulted in a criminal loss of $3.5 million, and the parties have agreed that on the sentencing date Manion will pay an additional approximately $5.5 million to resolve other disputed payments.

II.  **The Discrepancy in the Sentencing Guideline Calculation in the Plea Agreement and the Presentence Investigation Report**

The United States acknowledges that the Probation Officer found a final offense level of 28, (PSR, DN 18, ¶ 30), and that the plea agreement reaches a lower calculation. While there are facts that might support some of the sentencing enhancements listed in the PSR but not the plea agreement, the United States does not intend to produce evidence to support those enhancements, and requests that the court sentence the defendant at the low end of the applicable Sentencing Guideline range, as calculated in the plea agreement.

First, the PSR calculation relies on a criminal loss of nearly $9 million, while the parties stipulated in the plea agreement that the criminal loss was $3.5 million, resulting in an additional two offense levels being assessed in the PSR. (DN 18, ¶ 21). Although the loss amount need only be proved by a preponderance of the evidence at sentencing, in the plea agreement the United States agreed to a criminal loss of $3.5 million because if pushed to trial, the United States would have had to prove its case beyond a reasonable doubt. Some of the "straw farmers" in this case were actually farming, and if this case went to trial the United States may have experienced difficulties separating some of their potentially legitimate crop insurance claims from fraudulent claims solely benefitting David Manion. The parties were certainly cognizant of $3.5 million threshold in the Sentencing Guidelines when they negotiated the plea,

but that $3.5 million figure represents an agreed estimate of the loss the United States could certainly prove beyond a reasonable doubt at trial.

Second, the PSR assesses four levels for a leadership position with five or more participants. (DN 18, ¶ 24). As part of the plea negotiations, the United States agreed to a two-level leadership enhancement, and will honor that agreement.

Third, the PSR assesses two levels for sophisticated means. (DN 18, ¶ 2). The parties did not include a sophisticated means enhancement in the plea agreement, and no sophisticated means enhancement was applied in David Manion's previous case.[2] The United States does not believe that this scheme was overly sophisticated, and it certainly wasn't more sophisticated than David Manion's previous scheme. Accordingly, the plea agreement does not include this sentencing enhancement.

### III. A 37 Month Sentence will Satisfy the 3553(a) Sentencing Factors

A 37-month term of imprisonment will satisfy all of the sentencing factors listed in Title 18, United States Code, Section 3553(a). A 37-month sentence will reflect the nature and circumstances of the offense, and the characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Considering Manion's age and health issues, it will also reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). It will afford adequate deterrence to criminal conduct, and protect the public from any further crimes by Manion.[3] 18 U.S.C. §§ 3553(a)(2)(B) & (C). Finally, a 37-month sentence, at the low end of

---

2 US v. David Manion, 1:16-CR-00015-GNS (PSR, DN 31, ¶¶ 26-36).
3 As part of the plea agreement, Manion has agreed to a lifetime ban from the crop insurance program, and all of the relatives involved in the scheme have agreed to a 7-year ban.

the applicable Sentencing Guideline range, will avoid unwarranted sentence disparities among similarly situated defendants.   18 U.S.C. § 3553(a)(6).   Any sentence below the Sentencing Guideline range will frustrate these sentencing factors.

For these reasons, the United States recommends a sentence of 37 months of incarceration, followed by 3 years of supervised release, with restitution of $3.5 million.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*David Weiser*
David Weiser
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7068
David.weiser@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

*David Weiser*
Assistant United States Attorney